UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>HUNG THANH TRAN; and Does 1-10,<br><br>        Defendants. | CIV. NO. 2:14-02437 WBS EFB |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for February 17, 2015, and makes the following findings and orders without needing to consult with the parties any further.

1

I.   SERVICE OF PROCESS

The parties indicate that all defendants have been served.  No further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

II.   JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

III.  JURISDICTION/VENUE

Jurisdiction is predicated upon federal question jurisdiction, 28 U.S.C. § 1331, because plaintiff's asserts a cause of action pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.  The court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all state-law claims.  Venue is undisputed and is hereby found to be proper.

IV.   DISCOVERY

The parties shall serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by no later than February 23, 2015.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than April 27, 2015.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before May 26, 2015.

2

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be <u>completed</u> by June 29, 2015. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than June 29, 2015.

### V.   MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before August 17, 2015. All motions shall be noticed for the next available hearing date. Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

### VI.   FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for October 26, 2015, at 2:00 p.m. in Courtroom No. 5. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel shall file separate pretrial statements,

3

and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VII.  <u>TRIAL SETTING</u>

The bench trial is set for December 8, 2015, at 9:00 a.m.  The parties estimate that the trial will take three to seven days.

VIII. <u>SETTLEMENT CONFERENCE</u>

The court has determined that this case is appropriate for an early settlement conference.  The parties shall contact the assigned Magistrate Judge's courtroom deputy no later than March 23, 2015, by phone or email to schedule an early settlement conference.  Contact information for the assigned magistrate judge is available at www.caed.uscourts.gov under the "Judges" tab.

At the settlement conference, each party is ordered to

have a principal with full settlement authority present at the conference or be fully authorized to settle the matter on any terms.  No later than seven days before the date of the Settlement Conference, counsel for each party shall submit a confidential Settlement Conference Statement to the settlement judge.  Such statements shall not be filed, but shall be delivered to the chambers of the settlement judge, in hard copy.

        IX.    MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

Dated:  February 11, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5